IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JAMES KENDRICK**                                                                                             **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO.: 3:14-CV-00096-W-A**

**BROWN'S COMMUNICATIONS, INC. ET AL.**              **DEFENDANTS**

<u>**ORDER ON MOTION TO COMPEL**</u>

Before the Court is a motion to compel filed by Defendants Brown's Communications, Inc. and Timothy Brown against Plaintiff James Kendrick. [Docket No. 27] In dispute are five different interrogatories and a request for production of documents that asks Plaintiff to execute authorizations for criminal, tax, and personnel records. The Court has considered the submissions of the parties, heard oral argument, and holds as follows:

1. Defendants' motion to compel with respect to interrogatory number 9 is granted. Plaintiff shall supplement his response to provide the following information for the time period between November 24, 2004 and present: whether he has ever been arrested for a criminal violation, and, if so, for each arrest he shall state whether a charge resulted, whether the charge was a misdemeanor or felony, the case number, style, and jurisdiction related to each charge, and the ultimate disposition of the charge.

2. Defendants motion to compel with respect to interrogatory number 11 is denied as moot.

3. Defendants motion to compel with respect to interrogatory number 14 is denied as moot.

4. Defendants motion to compel with respect to interrogatory number 16 is granted in part. Plaintiff shall supplement his response to identify any social media accounts that he utilized from March 15, 2010 until December 16, 2013, along with any e-mail address(es)

associated with such accounts and the name or other user identifier associated with such accounts. For any social media account other than Facebook, Plaintiff shall provide a list to Defendants of the date and time of each posting, tweet, etc. made from March 15, 2010 until December 16, 2013 between the hours of 4:30 p.m. and 8:00 a.m. In addition, for any social media account other than Facebook, Plaintiff shall produce the content of any posting, tweet, etc. from March 15, 2010 until December 16, 2013 that relates to travel outside of the Jackson Metro area or any other ventures by which Plaintiff sought to make money.

5. Defendants motion to compel with respect to interrogatory number 18 is denied.

6. Defendants motion to compel with respect to request for production number 8 is granted in part. Plaintiff shall execute the state and federal tax returns propounded upon him for the years 2010 to present. Plaintiff shall execute the criminal records authorization propounded upon him. Defendant shall provide to Plaintiff, and Plaintiff shall execute, two separate personnel records authorizations. One personnel records authorization shall be aimed at the employers Plaintiff worked for prior to Brown's Communications, Inc. and shall be limited to documents related to the reason for Plaintiff's separation from those employers. A second personnel records authorization shall be aimed at the employers Plaintiff worked for after his separation from Brown's Communications, Inc. and shall include the same language included in the personnel records authorization previously produced to Plaintiff, with the exception that the terms "medical records" and "tests results" shall be omitted.

7. Plaintiff shall provide the information encompassed within this order to Defendants within 10 calendar days.

SO ORDERED, this the 25th day of November, 2014.

_____
UNITED STATES MAGISTRATE JUDGE